UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY BATIO, No. 51368-424,

Petitioner,

v.

RESIDENTIAL REENTRY MANAGER,[1]

Respondent.

Case No. 26-cv-04160-CRB  (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a federal prisoner currently serving the remainder of his sentence on home confinement with electronic monitoring in San Jose, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' (BOP) execution of his sentence.  Petitioner claims that BOP erred in calculating his earned time credits resulting in the extension of his custody beyond the lawful statutory endpoint.

**DISCUSSION**

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.    Claims

Petitioner seeks federal habeas relief on the ground that BOP erred in calculating his earned time credits under the First Step Act (FSA) and Second Chance Act (SCA).  According to petitioner, his earned time credits under FSA and SCA required that he be transferred to home

---

[1] The Residential Reentry Management (RRM) field office for the Northern District of California is RRM Sacramento, 501 I Street, Suite 9-400, Sacramento, CA 95814.

confinement in January 2024 but due to BOP's miscalculation he was not transferred to home confinement until April 13, 2026, resulting in approximately 25 months of excess prison confinement and his continued home confinement beyond the statutory endpoint. Liberally construed, the claim appears arguably cognizable under § 2241 and merits an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the United States Attorney for the Northern District of California, at the following email addresses: (1) usacan.ecf@usdoj.gov; (2) michelle.lo@usdoj.gov; and (3) kathy.terry@usdoj.gov. The petition and the exhibits and supplements thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

2.      Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all documents that are relevant to a determination of the issues presented by the petition.

3.      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.      Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner also must keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated:  June 26, 2026

_____
CHARLES R. BREYER
United States District Judge

2