United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY BATIO, No. 51368-424,
Petitioner,
v.
RESIDENTIAL REENTRY MANAGER,
Respondent.

Case No. 26-cv-04160-CRB (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER**

(ECF Nos. 9 & 13)

**I.**

Petitioner Jeffrey Batio, a federal prisoner on prerelease home confinement in San Jose, California pursuant to a sentence from the United States District Court for the Middle District of Florida, seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' (BOP) execution of his sentence. Petitioner claims that BOP erred in calculating his earned time credit (ETC) under the First Step Act (FSA) and Second Chance Act (SCA), resulting in excess prison confinement and continued prelease home confinement beyond the statutory endpoint.

The court found petitioner's claim arguably cognizable under § 2241 and ordered respondent, the Residential Reentry Manager (RRM) for the Northern District of California, who is located in Sacramento, California, to show cause why a writ of habeas corpus should not be granted. Respondent instead moves to dismiss the petition for lack of jurisdiction or, in the alternative, to transfer the petition to the United States District Court for the Eastern District of California. Petitioner filed a response and respondent filed a reply.[1] For the reasons that follow, the petition will be transferred to the Eastern District of California.

---

[1] Petitioner also filed a motion for leave to file a sur-reply (ECF No. 13) which the court considered and therefore grants.

United States District Court
Northern District of California

**II.**

Petitioner is serving a 96-month sentence from the United States District Court for the Middle District of Florida, United States v. Batio, No. 1:16-cr-00425, which started on December 20, 2021. Pet. (ECF No. 1) at 4, 5.

Under FSA, BOP applied good conduct time (GCT) to petitioner's sentence and calculated a release date of October 13, 2028. Id. at 4. BOP also applied programming ETC under FSA and calculated that petitioner could be transferred to prerelease home confinement in April 2026. Id. at 5-6. On April 13, 2026, petitioner was transferred to prerelease home confinement in San Jose, California, supervised by the RRM in Sacramento, California. Vickers Decl. (ECF No. 9-1) ¶ 6.

According to petitioner, his ETC under FSA and SCA required that he be transferred to prerelease home confinement in January 2024 but due to BOP's miscalculation he was not transferred to prerelease home confinement until April 13, 2026, resulting in 25 months of excess prison confinement and continued prerelease home confinement beyond the statutory endpoint.

Respondent moves to dismiss or transfer the petition to the Eastern District of California because that is where petitioner's custodian, RRM Sacramento, is located. RRM Sacramento supervises the prerelease custody of federal prisoners in the Eastern District of California, Northern District of California, District of Hawaii and District of Guam. Vickers Decl. ¶ 7.

**III.**

A federal prisoner may "challenge BOP's calculation—in other words, the execution of the sentence—by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241." Zavala v. Ives, 785 F.3d 367, 370 (9th Cir. 2015). Section 2241 grants district courts authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The court issuing the writ must have "jurisdiction over the custodian," Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973), which means that the custodian must be within the territorial jurisdiction of the court. See Rumsfeld v. Padilla, 542 U.S. 426, 444-45 (2004). A petition challenging the execution of a federal sentence under § 2241 accordingly "must be brought . . . in the custodial court," i.e., the court with territorial jurisdiction over the petitioner's custodian. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A court lacks habeas jurisdiction if the petitioner's

custodian is located outside of its territorial jurisdiction. See Padilla, 542 U.S. at 445 (custodian's absence from territorial jurisdiction of district court is fatal to habeas jurisdiction); Dunne v. Henman, 875 F.2d 244, 248 (9th Cir. 1989) (nationwide service of process statute for federal officers does not extend habeas jurisdiction to persons outside territorial limits of district court).

RRM Sacramento supervises petitioner's prelease home confinement and is the relevant custodian in this case. But because RRM Sacramento is outside the territorial jurisdiction of this court, this court lacks habeas jurisdiction over this case. See Padilla, 542 U.S. at 445; Dunne, 875 F.2d at 248.

## IV.

If a court lacks jurisdiction over a civil case, it may dismiss the case or, in the interest of justice, transfer the action to any other court in which the action could have been brought at the time it was filed. See 28 U.S.C. § 1631; Hernandez v. Campbell, 204 F.3d 861, 865 n.6 (9th Cir. 2009) (§ 1631 "allows transfer to cure want of jurisdiction").

Because RRM Sacramento lies in the Eastern District of California, see 28 U.S.C. § 84(b), the court ORDERS that pursuant to 28 U.S.C. § 1631, and in the interest of justice, this petition be TRANSFERRED to the United States District Court for the Eastern District of California.

The clerk shall terminate as moot the motions appearing on ECF as items number 9 and 13 and transfer this matter forthwith.

**IT IS SO ORDERED**.

Dated: October 21, 2026

CHARLES R. BREYER
United States District Judge